**SCARINCI & HOLLENBECK, LLC**
Joel R. Glucksman, Esq. (JG 6443)
1100 Valley Brook Ave., P.O. Box 790
Lyndhurst, New Jersey 07071
Tel. (201) 896-4100; Fax (201) 896-8660
Attorneys for the Old Bridge Municipal
Utilities Authority

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>IRENE M. HEYLER,<br><br>**Debtors.** | Case No.: 19-12523-MBK<br><br>Chapter 13<br><br>Hearing Date: August 20, 2019<br><br>Oral Argument: Not Requested Unless Opposed |

**OBJECTION BY THE OLD BRIDGE MUNICIPAL UTILITIES AUTHORITY TO CONFIRMATION OF THE DEBTORS' PROPOSED CHAPTER 13 PLAN**

Comes now the Old Bridge Municipal Utilities Authority (the "MUA"), a secured creditor in the within case, by and through its counsel Scarinci & Hollenbeck, LLC, and files the within objection to the proposed Chapter 13 Plan (the "Plan") by the debtor Irene M. Heyler ("Debtor"). In support thereof, the MUA says as follows:

### Introduction

1. The Debtor's Plan incorrectly fails to mention the MUA at all. However, the MUA has a <u>priming</u>, first lien secured claim totaling $2,086.70. The Plan must accordingly be amended or rejected.

### Background to the MUA's Claims

2. The MUA is a Municipal Corporation of the State of New Jersey, formed under N.J.Stat.Ann. §§ 40A:31-1, et seq. and 40A:26A-1, et seq., for the purpose, inter alia, of providing water and sewer service to residential and business customers in the Township of Old Bridge, New Jersey and in related areas.

3. Upon information and belief, as of the date of her bankruptcy petition and continuing until today, the Debtor owns real property at 174 Marlboro Road, Old Bridge, New Jersey (the "Property"). Debtor at relevant times has been a customer of the MUA with regard to the Property.

4. As of the date of the bankruptcy petition, plus the amounts accruing thereafter, Debtor owes the MUA no less than the sum of $2,086.70, on account of unpaid water and sewer charges for the 3rd and 4th quarters of 2017, the 1st, 2nd, 3rd and 4th quarters of 2018, the 1st and 2nd quarters of 2019. Of that sum, $2,050.51 represents principal, and $36.19 thereof represents interest through July 1, 2019. The basis for these amounts is described herein in greater detail.

5. On July 11, 2019, counsel for the MUA filed its secured proof of claim in this case for the above-stated amounts. A true and correct copy of same is annexed hereto as Exhibit A.

6. Furthermore, all of the above amounts will increase during the bankruptcy and be added to the MUA's claims. The MUA reserves the right to amend its claim in order to assert all such additional amounts as part of its overall claim.

**Objection to the Debtor's Proposed Chapter 13 Plan**

7.  The Debtor's Plan incorrectly fails to mention the MUA at all. However, the MUA has a <u>priming</u>, first lien secured claim totaling $2,086.70. The Plan must accordingly be amended or rejected.

8.  The legal basis for the MUA's claims is at N.J.Stat.Ann. §§ 40A:31-12 [water] and 40A:26A-12 [sewer]. These provide that rates, fees, or other charges levied by the MUA in accordance with the statutory structure "shall be a first lien or charge against the property benefited therefrom." Moreover, as noted in <u>Ocean County Bd. of Realtors v. Borough of Beachwood</u>, 248 N.J.Super. 241, 252 (L.Div.1991):

> N.J.S.A. 54:5-8 directs that all other municipal charges which are liens on real property shall become liens on the respective dates fixed by law. Thus, water and sewer charges can be treated in the same manner as real estate taxes.

9.  The MUA is also entitled to post-interest on its claims pursuant to these same statutes, which provide that "interest upon the amount unpaid shall accrue." Where a creditor is over-secured (as is the case here -- where Debtor's Schedule A lists the real estate as having a value of $480,000.00), the creditor is entitled to interest, and any reasonable fees, costs and charges incurred post-petition. <u>United States Association v. Timbers of Inwood Forest</u>, 484 U.S. 365, 372 (1988); <u>see also</u> 11 U.S.C. §506(b). This entitlement is applicable regardless of whether the over-secured claim is consensual or non-consensual. <u>See</u> <u>U.S. v. Ron Pair Enterprises, Inc.</u>, 489 U.S. 235 (1989).

10. The MUA is further entitled to recovery of its legal fees, due to the language in N.J.Stat.Ann. §§ 40A:31-12 [water] and 40A:26A-12 [sewer], which states that "[l]iens levied in

accordance with this section shall be enforceable in the manner provided for real property tax liens in chapter 5 of Title 54 of the Revised Statutes. Pursuant to N.J.Stat.Ann. §54:5-6:

> Taxes on lands shall be a continuous lien on the land on which they are assessed and all subsequent taxes, interest, penalties **and costs of collection** which thereafter fall due or accrue shall be added to and be a part of such initial lien. [Emphasis added.]

The MUA is therefore entitled to recover its costs of collection, including attorneys' fees.

11.  All sums provided herein are subject to revision and/or modification, including but not limited to amendments to account for additional accruals of principal, interest, and costs of collection. The MUA specifically reserves the right to update, supplement, or revise its claim.

WHEREFORE, the Old Bridge Municipal Utilities Authority respectfully asks that the proposed Chapter 13 plan (the "Plan") by Debtor Irene M. Heyler either be amended or rejected.

Dated: July 11, 2019

Respectfully submitted,

Scarinci & Hollenbeck, LLC
1100 Valley Brook Ave., P. O. Box 790
Lyndhurst, NJ  07071-0790
Attorneys for the Old Bridge Municipal
Utilities Authority

By: /s/ *Joel R. Glucksman*
    JOEL R. GLUCKSMAN, ESQ.

# EXHIBIT -A-

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | Irene M. Heyler |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | District of New Jersey |
| Case number | 19-12523-MBK |

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Old Bridge Municipal Utilities Authority
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Joel Glucksman, Scarinci & Hollenbeck, LLC
Name
1100 Valley Brook Ave., PO Box 790
Number    Street
Lyndhurst        NJ        07071
City            State        ZIP Code

Contact phone 201-896-4100
Contact email jglucksman@sh-law.com

Where should payments to the creditor be sent? (if different)

Old Bridge Municipal Utilities Authority
Name
71 Boulevard West
Number    Street
Cliffwood Beach    NJ        07735
City            State        ZIP Code

Contact phone 732-566-2534
Contact email msmith@obmua.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on ___/___/_____
                                                                    MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                    Proof of Claim                    page 1

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

**6. Do you have any number you use to identify the debtor?**
☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __2__ __2__ __8__ __4__

**7. How much is the claim?** $ __2,086.70__. Does this amount include interest or other charges?
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

Water and sewage services for debtor's residence

**9. Is all or part of the claim secured?**
☐ No
☑ Yes. The claim is secured by a lien on property.

**Nature of property:**
☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** Statutory; N.J. Stat. Ann. §40:14B-41 and 42
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $ __235,000.00__
Amount of the claim that is secured: $ __2,086.70__
Amount of the claim that is unsecured: $ __0.00__ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $ __2,086.70__

Annual Interest Rate (when case was filed) __18.00__ %
☑ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____

**11. Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

Official Form 410 — Proof of Claim — page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No<br>☐ Yes. Check one: | Amount entitled to priority |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.
☒ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  07/11/2019
                  MM / DD / YYYY

/s/ Joel R. Glucksman
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Joel | Richard | Glucksman |
|---|---|---|---|
| | First name | Middle name | Last name |

Title    Partner

Company    Scarinci & Hollenbeck, LLC
           Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    1100 Valley Brook Avenue, PO Box 790
           Number    Street
           Lyndhurst                                    NJ    07071
           City                                         State    ZIP Code

Contact phone    201-896-4100              Email    jglucksman@sh-law.com

Debtor: HEYLER
Case No.: 19-12523-MBK                                                                                  Page No.: 1

## RIDER TO PROOF OF CLAIM

1. The claimant Old Bridge Municipal Utilities Authority (the "MUA") is a Municipal Corporation of the State of New Jersey, formed under N.J. Stat. Ann. §§ 40:14B-1, et seq., for the purpose, inter alia, of providing water and sewer service to residential and business customers in the Township of Old Bridge, New Jersey and in related areas.

2. Upon information and belief, as of the date of the bankruptcy petition and continuing until today, the debtor Irene M. Heyler ("Debtor") owns real property at 174 Marlboro Road, Old Bridge, New Jersey 08857 (the "Property"). Debtor at relevant times has been a customer of the MUA with regard to the Property.

3. As of the date of the bankruptcy petition, plus the amounts accruing thereafter, Debtor owed the MUA no less than the sum of $2,086.70, on account of unpaid water and sewer fees for 10/30/17 through the date hereof. Of that sum, $2,050.51 represents principal and $36.19 represents interest through the date hereof. This amount is set forth in greater detail in the Open Account Inquiry annexed hereto as Exhibit -A-. The basis for this amount is described herein in greater detail.

4. Furthermore, all of the above amounts will increase during the bankruptcy and be added to the MUA's claims. The MUA reserves the right to amend this proof of claim in order to assert all such additional amounts as part of its overall claim.

5. The MUA's claims as set forth above are priming (first-priority) secured liens, pursuant to N.J.Stat.Ann. § 40:14B-42. This provides that rates, fees, or other charges with regard to any parcel of real property and levied by the MUA in accordance with the statutory structure "shall be a lien on such parcel" and [s]uch lien shall be superior and paramount to the

interest in such parcel of any owner, lessee, tenant, mortgagee or other person except the lien of municipal taxes. . . ." Moreover, as noted in <u>Ocean County Bd. of Realtors v. Borough of Beachwood</u>, 248 N.J. Super. 241, 252 (L.Div.1991):

> N.J.S.A. 54:5-8 directs that all other municipal charges which are liens on real property shall become liens on the respective dates fixed by law. Thus, water and sewer charges can be treated in the same manner as real estate taxes.

And <u>see</u> <u>Old Bridge Owners Coop. Corp. v. Township of Old Bridge</u>, 914 F. Supp. 1059 (D.N.J. 1996), <u>app dism and judg. vac'd. as moot</u>, 246 F.3d 310 (3rd Cir. 2001)(in <u>dictum</u> that the charges of the Old Bridge MUA for water and sewer fees are priming liens on real estate).

6. The MUA is also entitled to post-petition interest on its claims pursuant to the same statute, which provides at N.J. Stat. Ann. § 40:14B-41 that "interest shall accrue . . . at the rate of 1 1/2% per month." Where a creditor is over-secured (as is the case here -- where Debtor's Schedule A lists the real estate as having a value of $480,000), the creditor is entitled to interest, and any reasonable fees, costs and charges incurred post-petition. <u>United States Association v. Timbers of Inwood Forest</u>, 484 U.S. 365, 372 (1988); <u>see also</u> 11 U.S.C. §506(b). This entitlement is applicable regardless of whether the over-secured claim is consensual or non-consensual. See <u>U.S. v. Ron Pair Enterprises, Inc.</u>, 489 U.S. 235 (1989).

7. The MUA is further entitled to recovery of its legal fees. As stated in N.J.Stat.Ann. § 40:14B-46:

> In the event that any service charge of a municipal authority shall not be paid as and when due, the unpaid balance thereof and all interest accrued thereon, **together with attorneys' fees and costs**, may be recovered by the municipal authority . . . ." [Emphasis added.]

The MUA is therefore entitled to recover its costs of collection, including attorneys' fees.

**Debtor:** HEYLER
**Case No.:** 19-12523-MBK

Page No.: 3

---

8.  All sums provided herein are subject to revision and/or modification, including but not limited to amendments to account for additional accruals of principal, interest, and costs of collection. The MUA specifically reserves the right to update, supplement, or revise this Proof of Claim as required and/or as it is able.

### Summary of Voluminous Documents

9.  Records as to taxes and other amounts owed are or may be voluminous. Such records, including but not limited to records of attorneys' fees and/or costs of collection, assessments, and the value of collateral, and/or other documents, may be inspected (subject to all applicable privileges or other objections or bases for nonproduction) by Debtor, any trustee, or any party in interest possessing standing to review same, on reasonable notice, at the offices of counsel, Scarinci and Hollenbeck, LLC, 1100 Valley Brook Avenue, Lyndhurst, New Jersey 07071 (attention: Joel R. Glucksman, Esq.).

# EXHIBIT -A-

7/1/2019 Case 19-12523-MBK   Doc 29   Filed 07/11/19   Entered 07/11/19 15:02:52   Desc Main
73022284.00                            Document    Page 13 of 13
Case 19-12523-MBK   Claim 5   Filed 07/11/19   Desc Main Document   Page 8 of 8
OBMUA
BOULEVARD BEST

Account Open Items

CLIFFWOOD BEACH, NJ 07735
732-566-2534

| Service Address: | Billing Info: | Owner Info: |
|---|---|---|
| I HEYLER<br>174 MARLBORO RD<br>OLD BRIDGE, NJ 08857<br>(732)432-5815 | I HEYLER<br>174 MARLBORO RD<br>OLD BRIDGE, NJ 08857-1425 | |

**Last Payment Date: 5/21/2019**          **Interest Calculated To: 7/1/2019**

| Service | BillID | Bill Date | Due Date | Principal | Penalty | Amount Due | Balance Due |
|---|---|---|---|---|---|---|---|
| Sewer-2 | 17-9-30 | 9/30/2017 | 10/30/2017 | $123.16 | $2.49 | $125.65 | $125.65 |
| Sewer-2 | 17-12-30 | 12/30/2017 | 1/29/2018 | $142.77 | $2.89 | $145.66 | $271.31 |
| Water-1 | 17-12-30 | 12/30/2017 | 1/29/2018 | $162.90 | $3.29 | $166.19 | $437.50 |
| Sewer-2 | 18-3-28 | 3/28/2018 | 4/27/2018 | $142.77 | $2.89 | $145.66 | $583.16 |
| Water-1 | 18-3-28 | 3/28/2018 | 4/27/2018 | $95.88 | $1.94 | $97.82 | $680.98 |
| Sewer-2 | 18-6-30 | 6/30/2018 | 7/30/2018 | $142.77 | $2.89 | $145.66 | $826.64 |
| Water-1 | 18-6-30 | 6/30/2018 | 7/30/2018 | $115.14 | $2.33 | $117.47 | $944.11 |
| Sewer-2 | 18-9-29 | 9/29/2018 | 10/29/2018 | $142.77 | $2.89 | $145.66 | $1,089.77 |
| Water-1 | 18-9-29 | 9/29/2018 | 10/29/2018 | $168.15 | $3.40 | $171.55 | $1,261.32 |
| Sewer-2 | 18-12-29 | 12/29/2018 | 1/28/2019 | $142.77 | $2.89 | $145.66 | $1,406.98 |
| Water-1 | 18-12-29 | 12/29/2018 | 1/28/2019 | $168.15 | $3.40 | $171.55 | $1,578.53 |
| Sewer-2 | 19-3-31 | 3/31/2019 | 4/30/2019 | $142.77 | $2.89 | $145.66 | $1,724.19 |
| Water-1 | 19-3-31 | 3/31/2019 | 4/30/2019 | $98.94 | $2.00 | $100.94 | $1,825.13 |
| Sewer-2 | 19-6-30 | 6/30/2019 | 7/30/2019 | $142.77 | $0.00 | $142.77 | $1,967.90 |
| Water-1 | 19-6-30 | 6/30/2019 | 7/30/2019 | $118.80 | $0.00 | $118.80 | $2,086.70 |
| **Total Sewer** | | | | $1,122.55 | $19.83 | $1,142.38 | |
| **Total Water** | | | | $927.96 | $16.36 | $944.32 | |
| **Grand Totals:** | | | | $2,050.51 | $36.19 | $2,086.70 | |